UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN DEMETRIOUS CLARK, | No. 2:15-cv-2406 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| K. HOLLAND, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, petitioner may proceed with this action in forma pauperis.

Petitioner challenges his 1998 conviction in the Butte County Superior Court for second degree robbery, for which he was sentenced to a state prison term of 25 years to life. (ECF No. 1.) The court has examined its records and finds that petitioner challenged this same conviction in an earlier action, Clark v. Knipp, No. 2:11-cv-3334 (E.D. Cal.), which was dismissed for untimeliness on June 11, 2013.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on

which the federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147, 153 (2007). A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason. See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000). However, in McNabb v. Yates, 576 F.3d 1028,1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive. Because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is successive.

Before filing a successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. See Burton, 549 U.S. at 152, 157. As petitioner offers no evidence that the appellate court has authorized this court to consider a successive petition challenging his 1998 conviction, this action should be dismissed for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis (ECF No. 2) is granted; and

2. The Clerk of Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

////

////

1  Petitioner is advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: November 24, 2015

                                                /s/ Carolyn K. Delaney
                                                CAROLYN K. DELANEY
                                                UNITED STATES MAGISTRATE JUDGE

8  2 / clar2406.succ_sol

3